# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON LEE BROWN, | ) |
| Petitioner, | ) ) ) |
| vs. | )  Case No. 11-CV-368-GKF-PJC ) |
| ROBERT PATTON, Director,[1] | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner, a state prisoner appearing pro se. Respondent filed a response (Dkt. # 7) and provided the state court record necessary for resolution of Petitioner's claims (Dkt. # 9). Petitioner did not file a reply. For the reasons discussed below, the petition for writ of habeas corpus is denied.

## *BACKGROUND*

On September 13, 2007, Petitioner Brandon Lee Brown (Petitioner) and his girlfriend, Autumn Cole (Cole), went to Torchy's Briar Patch, a bar located in Tulsa County, Oklahoma. Although Petitioner had been previously convicted of a felony, he took his loaded handgun with him into the bar. Gert Kaulaity (Kaulaity) and Jeremiah Francis (Francis or victim) were also at the bar, playing pool, drinking, and socializing. Kaulaity and Francis were cousins and life-long friends. Francis, who was drunk, approached Petitioner, put his arm around him, and claimed to know him. Petitioner told Francis "I don't know you," and asked him to get his hands off. Petitioner showed

---

[1] Since Petitioner is currently incarcerated at the Davis Correctional Facility, a private prison, the proper respondent in this case is Robert Patton, Director of the Oklahoma Department of Corrections. See Rule 2, Rules Governing Section 2254 Cases. For that reason, the Court Clerk shall be directed to substitute Robert Patton, Director, in place of David Miller, Warden, as party respondent in this matter.

Francis his handgun lodged in his waistband. Francis backed up, angrily said either "nigga" or "nigger," and took a swing at Petitioner. Petitioner pull his gun from his waistband and pointed it at Francis. The gun discharged. The bullet struck Francis in the neck. Francis died at the scene as a result of the gunshot wound to his neck. After the shooting, Petitioner and Cole fled the scene in separate vehicles. The next day, September 14, 2007, Petitioner contacted the police to turn himself in. Although Petitioner claimed that Francis had punched him in the left eye, he had no contusions, scrapes, bruises, or other marks on his face at the time of his arrest, less than 24 hours after the shooting.

Based on these facts, Petitioner was charged by Amended Felony Information in Tulsa County District Court, Case No. CF-2007-4862, with Murder in the First Degree (Count 1), Possession of a Firearm, After Former Conviction of a Felony (AFCF) (Count 2), and Carrying a Weapon Where Alcohol is Served (Count 3). (Dkt. # 9-4, Tr. Vol. III at 367-68). A jury found Petitioner guilty of the lesser included offense of Manslaughter - First Degree - Heat of Passion (Count 1) and guilty of both Counts 2 and 3. (Dkt. # 9-6, Tr. Vol. V at 844-45). The jury recommended sentences of thirty-five (35) years imprisonment for Count 1, six (6) years imprisonment for Count 2, and nine (9) years imprisonment for Count 3. Id. On March 11, 2009, the trial court sentenced Petitioner in accordance with the jury's recommendation and ordered the sentences to be served consecutively. (Dkt. # 9-8, Tr. Sentencing at 4). Attorney Richard Clark represented Petitioner at trial.

Petitioner, represented by attorney Richard Couch, perfected a direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). (Dkt. # 7-1). Petitioner raised six (6) propositions of error, as follows:

| | |
|---|---|
| Proposition One: | The trial court erred in not adding "or Manslaughter in the First Degree" to Instruction No. 33. |
| Proposition Two: | Prosecutorial misconduct denied the Appellant a fair trial. |
| Proposition Three: | The evidence was insufficient to prove beyond a reasonable doubt that Appellant did not act in self-defense and was therefore insufficient to convict him of first degree manslaughter - heat of passion. |
| Proposition Four: | The trial court abused it's [sic] discretion in ordering the counts to run consecutively. |
| Proposition Five: | Appellant's sentence is excessive and constitutes cruel and unusual punishment |
| Proposition Six: | The trial court abused its discretion in not granting a mistrial upon Appellant's request when discovery errors came to light. |

Id. In an unpublished Summary Opinion, filed July 1, 2010, in Case No. F-2009-263, the OCCA affirmed Petitioner's judgment and sentence. (Dkt. # 7-3).

On June 13, 2011, Petitioner filed his petition for writ of habeas corpus (Dkt. # 1). In the petition, Petitioner raises the same six grounds for relief he raised on direct appeal. Id. Respondent argues that the OCCA's adjudication on Grounds 2 and 3 were not contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. (Dkt. # 7). Respondent also argues that the remaining grounds for relief, Grounds 1, 4, 5, and 6, raise matters of state law not cognizable on habeas review. Id.

*ANALYSIS*

**A.     Exhaustion/Evidentiary hearing**

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner

3

presented his claims to the OCCA on direct appeal. Therefore, Petitioner exhausted his state remedies.

In addition, Petitioner has not met his burden of proving entitlement to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

**B.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was

an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 786-87 (2011); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013)).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 131 S. Ct. at 784-85. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). Id. at 784; Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Here, Petitioner presented his habeas claims to the OCCA on direct appeal. Because the OCCA addressed Petitioner's claims on the merits, the Court will review these claims under the standards of § 2254(d).

### 1. Insufficient evidence to support conviction (Ground 3)

In Ground 3, Petitioner challenges the sufficiency of the evidence supporting his conviction of First Degree Manslaughter. (Dkt. # 1 at 11). Specifically, Petitioner argues that the "evidence was insufficient to prove beyond a reasonable doubt that [he] did not act in self-defense and was therefore insufficient to convict him of first degree manslaughter – heat of passion." Id. On direct appeal, the OCCA found, with respect to propositions 1 and 3 as raised on direct appeal, as follows:

> [T]he facts did not show that Brown feared imminent danger of death or great bodily harm, thus his claim of self-defense was flawed, and he was not harmed by any error which may have occurred in the instructions in this case. No relief is warranted on this proposition. Because of our finding in this proposition, we find that proposition three must also fail, as the State did meet its burden of proving that Brown did not act in self-defense.

(Dkt. # 7-3 at 3). Respondent argues this decision was "not contrary to or an unreasonable application of federal law." (Dkt. # 7 at 19).

5

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). The Court "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319. On habeas review, this Court must "give[] full play to the responsibility of the trier of fact [to] fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. The Court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993).

Petitioner was convicted of First Degree Manslaughter. Under Oklahoma law, homicide is Manslaughter in the First Degree "[w]hen perpetrated without a design to effect death, and in a heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon; unless it is committed under such circumstances as constitute excusable or justifiable homicide." Okla. Stat. tit. 21, § 711(2); see also McHam v. State, 126 P.3d 662, 667 (Okla. Crim. App. 2005). At trial, Petitioner presented his defense that the homicide was justified because he acted in self-defense. Thus, the State had the burden of proving beyond a reasonable doubt that Petitioner was not acing in self-defense. McHam, 126 P.3d at 667. A person is justified in using force in self-defense if that person reasonably believed that use of force was necessary to prevent death or great bodily harm to himself. Okla. Stat. tit. 21, § 733(A)(2).

Petitioner's jury heard testimony, from witnesses for the State and from Petitioner himself, that, prior to being shot, Francis had his hands up and backed away from the confrontation with Petitioner. (Dkt. # 9-4, Tr. Vol. III at 481, 509-10; Dkt. # 9-5, Tr. Vol. IV at 742). The jury also heard testimony that the victim was unarmed and made no threats to Petitioner, see Dkt. # 9-4, Tr. Vol. III at 465, 554-55, and that the victim was drunk, see Dkt. # 9-4, Tr. Vol. III at 558; Dkt. # 9-5, Tr. Vol. IV at 691, 740. Both Petitioner and Cole testified that the victim punched Petitioner in the face, see Dkt. # 9-4, Tr. Vol. III at 546; Dkt. # 9-5, Tr. Vol. IV at 742. However, Kaulaity testified that the victim did not hit Petitioner, see Dkt. # 9-4, Tr. Vol. III at 511. Significantly, Petitioner had no contusions, scrapes, bruises, or other marks on his face at the time of his arrest less than 24 hours after the shooting, see id. at 639-41, 648-49. Petitioner testified that the victim acted like "he wanted to beat me up or something or cause a problem with me," see Dkt. # 9-5, Tr. Vol. IV at 741, and that he drew his gun because he "thought they was [sic] going to jump me," id. at 745.

After a review of the record and the evidence, as highlighted above, in a light most favorable to the State, the Court finds that a reasonable jury could have found proof beyond a reasonable doubt that Petitioner did not fear imminent danger of death or great bodily harm and did not act in self-defense when he shot Francis. Jackson, 443 U.S. at 319. Thus, the "jury's resolution of the evidence . . . is within the bounds of reason." Grubbs, 982 F.2d at 1487. Petitioner fails to show the OCCA's decision was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. See 28 U.S.C. § 2254(d). Habeas corpus relief on Ground 3 is denied.

### 2. Trial court error in jury instruction (Ground 1)

In Ground 1, Petitioner claims that the trial court erred in not adding "or manslaughter in the first degree to Instruction No. 33," the instruction introducing Petitioner's defense of self-defense. (Dkt. # 1 at 8). The record reflects that, during the jury instructions conference, defense counsel requested the additional language. See Dkt. # 9-6, Tr. Vol. V at 791. The trial judge denied the requested modification, stating that "either they're going to find self-defense in murder, otherwise they're going to find that he is not guilty of manslaughter because the death was excusable or justifiable under the third element." Id. at 791-92. On direct appeal, Petitioner argued that the trial court erred when it overruled his request to add additional language to the instruction, resulting in confusion for the jury regarding the applicability of self-defense to First Degree Manslaughter and a violation of due process. (Dkt. # 7-1 at 6-7). The OCCA denied relief, finding as follows:

> [W]hen the State fails to prove that a defendant did not act in self-defense, the defendant's homicidal act is justified, regardless of the degree of homicide. 21 O.S.2001, § 733. If the facts, therefore, support instructions on self defense, the jury instructions should clearly indicate that, if the State failed to prove that a defendant did not act in self-defense, the defendant should be found not guilty on all degrees of homicide (those charged and their lesser forms, which are a part of the instructions). *See* OUJI-CR 2d 8-45 and 8-49 (Supp.2009). In the present case, the facts did not show that Brown feared imminent danger of death or great bodily harm, thus his claim of self-defense was flawed, and he was not harmed by any error which may have occurred in the instructions in this case. No relief is warranted on this proposition. *See* 20 O.S.2001, § 3001.1.

(Dkt. # 7-3 at 2-3).

It is well established that "errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v.

Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial."). The burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes, 46 F.3d at 984 (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)).

Upon review of the record, the Court finds that Petitioner was not denied a fundamentally fair trial as a result of the trial court's refusal to modify the self-defense instruction as requested by defense counsel. As determined by the OCCA, and as discussed in greater detail in Part B(1) above, the testimony presented at trial did not support Petitioner's defense of self-defense. Therefore, the failure to add the requested language to the self-defense instruction did not deprive Petitioner of a fundamentally fair trial. Habeas corpus relief on Ground 1 is denied.

### 3. Prosecutorial misconduct (Ground 2)

In Ground 2, Petitioner claims that prosecutorial misconduct deprived him of a fair trial. (Dkt. # 1 at 10). On direct appeal, Petitioner identified three (3) allegedly improper comments made by the prosecutor during closing argument. In resolving this claim, the OCCA found that the "alleged misconduct that garnered no objections did not rise to the level of plain error" and that "[a]ny error in the remaining alleged misconduct was cured by the trial court's verbal instruction to the jury, even though the objection was overruled." (Dkt. # 7-3 at 3 (citations omitted)).

"Prosecutorial misconduct can result in constitutional error if it 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" DeRosa v. Workman, 679

F.3d 1196, 1222 (10th Cir. 2012) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). "[I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (internal quotation marks omitted). "The ultimate question is whether the jury was able to fairly judge the evidence in light of the prosecutors' conduct." Bland v. Sirmons, 459 F.3d 999, 1024 (10th Cir. 2006). To determine whether a trial is rendered fundamentally unfair, the Court examines the entire proceeding, "including the strength of the evidence against the petitioner, both as to guilt at that stage of the trial and as to moral culpability at the sentencing phase," as well as "[a]ny cautionary steps – such as instructions to the jury – offered by the court to counteract improper remarks." Le v. Mullin, 311 F.3d 1002, 1013 (10th Cir. 2002). "To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

### a. Improper appeal to societal alarm

On direct appeal, Petitioner first claimed that the prosecutor improperly appealed to societal alarm during closing argument when she stated, "[l]adies and gentlemen, in a democracy we all participate, and we live in a society and deserve the society in which we live, because as we vote, we help to determine our laws." (Dkt. # 7-1 at 9 (quoting Dkt. # 9-6, Tr. Vol. V at 801)). Defense counsel did not object to this statement.

"While 'improper appeals to societal alarm' and requests for 'vengeance for the community to set an example' are unwarranted, they are also not the type of comments that the Supreme Court

has suggested might amount to a due process violation." Brecheen v. Reynolds, 41 F.3d 1343, 1356 (10th Cir. 1994) (quoting Darden, 477 U.S. at 181-82); see also Wright v. Jones, 359 F. App'x 49, 54 (10th Cir. 2010) (unpublished).[2] Prosecutorial misconduct warrants federal habeas relief only if the conduct "is so egregious as to render the entire proceedings against the defendant fundamentally unfair." Smallwood, 191 F.3d at 1275 (citing Donnelly, 416 U.S. at 642-48).

After examining the prosecutor's statement in the context of the entire trial, the Court cannot say that the statement complained of by Petitioner "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Le, 311 F.3d at 1013. Immediately after making the statement complained of by Petitioner, the prosecutor went on to say, "this week you all will help to determine whether or not appropriate punishment is given. You will determine whether or not those laws were broken. You will determine whether or not and what laws are enforced." (Dkt. # 9-6, Tr. Vol. V at 801). Thus, when read in context, the prosecutor's remarks referred to the jury's responsibility to determine whether a law had been broken and did not improperly raise societal alarm. The comments did not deprive Petitioner of due process. Petitioner fails to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas corpus relief on this claim.

### b. Improper vouching for truthfulness of a witness

Next, Petitioner claimed on direct appeal that the prosecutor "improperly expressed her opinion as to the truth of the testimony of Gert Kaulaity." (Dkt. # 7-1 at 9). Specifically, Petitioner

---

[2]This and all other unpublished opinions herein are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

complained that the prosecutor vouched for Kaulaity's truthfulness when she stated, "Gert answered all of the questions whether they were put to him by the State or the Defense **candidly**." Id. (citing Dkt. # 9-6, Tr. Vol. V at 808)). Defense counsel did not object to this comment.

Argument or evidence is permissible vouching unless "'the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness' credibility, either through explicit personal assurances of the witness' veracity or by implicitly indicating that information not presented to the jury supports the witness' testimony.'" Thornburg v. Mullin, 422 F.3d 1113, 1132 (10th Cir. 2005) (quoting United States v. Magallanez, 408 F.3d 672, 680 (10th Cir.2005) (internal quotation marks omitted)); see also United States v. Bowie, 892 F.2d 1494 (10th Cir. 1990). A prosecutor's vouching for the credibility of witnesses can "jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury[,] and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence." United States v. Young, 470 U.S. 1, 18-19 (1985) (citing Berger v. United States, 295 U.S. 78, 88-89 (1935)). Yet, "[i]mproper vouching for witnesses is not considered to impact an express constitutional right." United States v. Harlow, 444 F.3d 1255, 1266 (10th Cir. 2006); Parker v. Scott, 394 F.3d 1302, 1310 (10th Cir. 2005). A habeas court reviews an allegation of improper vouching for a denial of due process and "'must find that the absence of [fundamental] fairness infected the trial [and] the acts complained of must be of such quality as necessarily prevents a fair trial.'" Parker, 394 F.3d at 1310-11 (quoting Lisenba v. California, 314 U.S. 219, 236 (1941)).

The Court finds that the prosecutor's comment did not prevent Petitioner from receiving a fair trial. In stating that Kaulaity testified candidly, the prosecutor did not express a personal belief

in Kaulaity's credibility, either through explicit personal assurances of Kaulaity's veracity or by implicitly suggesting that information not presented to the jury supported Kaulaity's testimony. The comment was not improper did not deprive Petitioner of due process. Petitioner fails to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas corpus relief on this claim.

### c. Misstatement of the law

Lastly, Petitioner argued on direct appeal that the prosecutor misstated the law, during her rebuttal closing argument, when she stated, "you can't use self-defense for robbery. You can't use self-defense if somebody is going to just hurt you or beat you up." (Dkt. # 7-1 at 10 (citing Dkt. # 9-6, Tr. Vol. V at 837)). Defense counsel objected to this statement. (Dkt. # 9-6, Tr. Vol. V at 837). The trial judge overruled the objection, but reminded the jury that "closing argument is for persuasion purposes only. You have the instructions in regards to the elements and the definitions in this case." Id. at 838. As stated above, the OCCA found that any error in the prosecutor's statement of the law "was cured by the trial court's verbal instruction to the jury, even though the objection was overruled." (Dkt. # 7-3 at 3 (citation omitted)).

Reviewing the comments in context, the prosecutor was arguing that Petitioner's defense of self-defense did not apply in this case because Petitioner testified that he thought the victim was going to beat him up and that allegation was insufficient to justify the use of deadly force in self-defense. The prosecutor was making fair comment on the evidence of record. Hooper v. Mullin, 314 F.3d 1162, 1172 (10th Cir. 2002) (stating that the prosecutor possesses reasonable latitude in drawing inferences from the record). Furthermore, any misstatement of the law was cured by the

trial judge's verbal admonishment to the jury to follow the instructions given by the court. Thus, under the facts of this case, the challenged comment did not so infect the trial with unfairness as to result in a denial of due process. Petitioner fails to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Habeas corpus relief is denied on this ground.

4. **Excessive sentence (Ground 5)**

In Ground 5, Petitioner claims his sentences are excessive and constitute cruel and unusual punishment. (Dkt. # 1 at 14). The OCCA rejected this claim on direct appeal, finding that the sentences were not excessive because "they do not shock this Court's conscience." (Dkt. # 7-3 at 3 (citing Rea v. State, 34 P.3d 148, 149 (Okla. Crim. App. 2001)).

In 2003, the Supreme Court addressed the Eighth Amendment's cruel and unusual punishment clause in the context of a sentence for a term of years in two decisions: Lockyer v. Andrade, 538 U.S. 63 (2003), and Ewing v. California, 538 U.S. 11 (2003). In Lockyer, the Court found that, under the AEDPA's standard of habeas review, its Eighth Amendment jurisprudence included the "clearly established" federal legal principle that a "gross disproportionality principle is applicable to sentences for terms of years." Lockyer, 538 U.S. at 72. Similarly, in Ewing, the Court clearly stated that the Eighth Amendment "contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'" Ewing, 538 U.S. at 20 (quoting Harmelin v. Michigan, 501 U.S. 957, 996-97 (1991) (Kennedy, J., concurring in part and concurring in judgment)).

The OCCA did not expressly apply a "proportionality" standard in reviewing Petitioner's sentence. Rather, citing Rea, 34 P.3d at 149 (rejecting "proportionality" standard for review of criminal sentence because of "broad discretion" granted juries in Oklahoma to determine an

appropriate sentence), the appellate court applied its well-recognized "shock the conscience" standard. See Maxwell v. State, 775 P.2d 818, 820 (Okla. Crim. App. 1989) (rejecting "proportionality" review for sentences other than "cases involving life sentences without the possibility of parole" and holding "when a sentence is within statutory limits, it will not be modified unless, after a review of all the facts and circumstances, the sentence is so excessive that it shocks the conscience of this Court"); see also Coates v. State, 137 P.3d 682, 685 (Okla. Crim. App. 2006) (applying "shock the conscience" standard to review consecutive sentences); Dufries v. State, 133 P.3d 887, 891 (Okla. Crim. App. 2006) (finding mandatory sentence of life imprisonment without possibility of parole and $50,000 fine for drug-related conviction after two prior drug-related convictions did not shock the court's conscience). In applying its "shock the conscience" standard, the OCCA routinely considers the same factors deemed relevant in a proportionality analysis. Those factors include the circumstances of Petitioner's offense and Petitioner's recidivist history, the same factors relevant to a proportionality analysis. See Ewing, 538 U.S. at 28-30.

Here, Petitioner's sentences are within the range of punishment allowed under Oklahoma's recidivist statute, Okla. Stat. tit. 21, § 51.1. Furthermore, the circumstances of Petitioner's offense do not suggest that his sentences are disproportionate. Therefore, under the facts of this case, Petitioner has failed to demonstrate that the OCCA's decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Accordingly, Petitioner is not entitled to habeas relief on Ground 5.

    **5.**    **Consecutive sentences (Ground 4)**

In Ground 4, Petitioner claims that the trial court abused its discretion in ordering his sentences to be served consecutively. (Dkt. # 1 at 13). The OCCA denied relief on this claim,

finding that the trial court did not abuse its discretion in ordering the sentences to be served consecutively. (Dkt. # 7-3 at 3). Respondent argues that Ground 4 raises a matter of state law and is not cognizable on habeas review. (Dkt. # 7 at 25).

The Court finds that Ground 4 is purely a matter of state law and cannot serve as a ground for federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state court determinations on state law questions); Showalter v. Addison, 458 F. App'x 722, 726 (10th Cir. 2012) (unpublished) (noting that "habeas is not the appropriate vehicle to challenge matters of pure state law" and declining to address a habeas petitioner's challenge to consecutive sentences on that basis). Habeas corpus relief is denied on Ground 4 for that reason.

### 6. Denial of mistrial (Ground 6)

In Ground 6, Petitioner claims that the trial judge abused her discretion in not granting a mistrial on his request after alleged discovery violations came to light. (Dkt. # 1 at 16). Petitioner's claim is based on confusion attributable to the poor quality of a tape recording of a police interview of Gert Kaulaity. Because defense counsel's copy of the tape was distorted, the police officer initially agreed with defense counsel, prior to testifying, that Kaulaity said during the interview that he and Francis "had done some drugs" on the night of the shooting. (Dkt. # 9-5, Tr. Vol. IV at 709). However, after listening to another, less distorted copy of the tape, the officer testified at trial that Kaulaity did not say they "had done some drugs," but instead said "they were talking to some girls." Id. Defense counsel characterized the officer's trial testimony as "a harpoon" and moved for a mistrial. Id. at 717. The trial judge denied the motion for a mistrial. Id. at 717-18. On direct appeal, the OCCA denied relief on this claim, finding that "the trial court did not abuse its discretion

in failing to grant a mistrial for alleged discovery violations. Moreover, we do not find that the State mislead defense counsel regarding the conversation on the tape, of which a copy was delivered to defense counsel in compliance with discovery." Id. at 3-4 (citation omitted). Respondent argues that Ground 6 raises a matter of state law and is not cognizable on habeas review. (Dkt. # 7 at 29).

Petitioner does not allege a federal constitutional violation in Ground 6. Under state law, the declaration of a mistrial is within the trial court's discretion. Knighton v. State, 912 P.2d 878, 894 (Okla. Crim. App. 1996) (citation omitted). "A trial court abuses its discretion when its ruling is clearly made outside the law or facts of the case." Id. As stated above, a matter of state law cannot serve as a ground for federal habeas relief. Estelle, 502 U.S. at 67-68. Under the facts of this case, the trial judge's refusal to declare a mistrial was based on state law and did not result in constitutional error. Habeas relief is denied on Ground 6 for those reasons.

## C. Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the

decision by the OCCA is debatable among jurists of reason. See Dockins, 374 F.3d at 938. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability is denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note on the record the substitution of Robert Patton, Director, as party respondent in place of David Miller, Warden.

2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

3. A separate judgment in favor of Respondent shall be entered in this matter.

4. A certificate of appealability is **denied**.

**DATED** this 26th day of September, 2014.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT